# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TERENCE A. HARVEY, ) | |
| Plaintiff, ) | Case No. 2:14-cv-01742-JAD-CWH |
| vs. ) | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner ) of Social Security Administration, ) | |
| Defendant. ) | |

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Terence A. Harvey's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 19), filed May 29, 2015, and the Commissioner's response and cross-motion to affirm (ECF Nos. 24, 23), filed July 29, 2015.

## BACKGROUND

**1.    Procedural History**

In September 2011, Plaintiff applied for disability insurance benefits, alleging an onset date of February 24, 2011. AR[1] 125. Plaintiff's claim was denied initially, and after a hearing, by the ALJ in a decision dated March 5, 2012. AR 13-32. A hearing was held before an Administrative Law Judge ("ALJ") on April 24, 2013. AR 37-59. On November 25, 2013, the ALJ issued a decision finding Plaintiff was not disabled from October 1, 2011 through September 30, 2013, the date last insured. AR 13-32. The ALJ's decision became the Commissioner's final decision when

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 25).)

the Appeals Council denied review. AR 1-5. Plaintiff, on October 21, 2014, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 3.

**2.    The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 16-18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of October 1, 2011 through his date last insured of September 30, 2013. AR 18. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of status post remote right foot fracture, with bilateral arthritis; degenerative disc disease; knee; and status post nephrectomy. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 23. Under step four, the ALJ found that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant could have only minimal exposure to fumes, odors, dusts, gases, and poor ventilation (which would have improved except for his marijuana abuse, per his own admission to Dr. Yao). AR 24. The ALJ also noted that Plaintiff could perform past relevant work as a customer service clerk and telemarketer. AR 31. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 1, 2011, the alleged onset date, through September 30, 2013, the date last insured. AR 32.

## DISCUSSION

**1.    Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The

1    Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner
2    *de novo. See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).
3          The Commissioner's findings of fact are conclusive if supported by substantial evidence.
4    *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the
5    Commissioner's findings may be set aside if they are based on legal error or not supported by
6    substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006);
7    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial
8    evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence
9    as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53
10   F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.
11   2005). In determining whether the Commissioner's findings are supported by substantial evidence,
12   the court "must review the administrative record as a whole, weighing both the evidence that
13   supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*,
14   157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).
15         Under the substantial evidence test, findings must be upheld if supported by inferences
16   reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support
17   more than one rational interpretation, the court must defer to the Commissioner's interpretation.
18   *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human*
19   *Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether
20   the Commissioner could reasonably have reached a different conclusion, but whether the final
21   decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings
22   so that the court does not speculate as to the basis of the findings when determining if the
23   Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact
24   without explicit statements as to what portions of the evidence were accepted or rejected are not
25   sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be
26   as comprehensive and analytical as feasible, and where appropriate, should include a statement of
27   subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*
28   / / /

**2.      Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.

/ / /

/ / /

/ / /

*Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

Plaintiff seeks reversal of the ALJ's decision because he improperly rejected the medical evidence from the examining physicians in assessing the RFC. Specifically, he argues that the ALJ failed to articulate a legally sufficient rationale to reject the opinions of Dr. Prabju, M.D., who stated that Mr. Harvey could only sit for one hour and stand/walk for one hour, and Dr. Cestkowski, D.O., who assessed multiple impairments, and stated that Mr. Harvey could only sit for one hour at a time and stand/walk 45 minutes at a time. The Commissioner responds that the ALJ provided a thorough and nuanced discussion of the medical evidence in the record, and provided ample reasons why such a limitation was not supported by the evidence.

The issue before the Court is whether the ALJ's finding that Plaintiff retained the ability to perform his past work as a customer service clerk and as a telemarketer is supported by substantial evidence and is free of reversible legal error. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be

conclusive"); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Where evidence is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Court finds that the ALJ set forth a detailed and thorough summary of the facts and conflicting clinical evidence, stated his interpretation thereof, and  appropriately assessed the medical evidence.  The ALJ found appropriate environmental restrictions based upon the medical evidence, and found specific and legitimate reasons to reject the opinions of consulting examiners Dr. Prabhu and Dr. Cestkowski.  The ALJ found Dr. Prabhu's assessment "significantly" overly restrictive, and explained that there were minimal pulmonary function findings during examinations.  AR 29.  This is a valid reason for discounting a physician opinion.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that a treating physician's opinion may be rejected where such opinion is inadequately supported by clinical findings) (citation omitted).  The ALJ noted that Plaintiff had only sporadic treatment, even though he continued smoking.  *Id*.  This is a valid consideration in the disability evaluation.  *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may consider lack of extensive medical treatment); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) (ALJ properly considered claimant's failure to follow doctor's advice to stop smoking).  The ALJ specifically pointed out that the sitting limitation was not supported by any physical findings or pulmonary findings.  *Id.*  This is a valid reason to discount Dr. Prabhu's opinion. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999)(acceptable medical opinion must be supported by clinical and laboratory findings).

The ALJ considered Dr. Cestkowski's assessment that Plaintiff could sit for one hour at a time and for up to eight hours total in an eight-hour workday, and found that it was internally inconsistent with exertional abilities consistent with "medium" work, but drastic standing/walking limitations.  AR 30.  The ALJ pointed out that Dr. Cestkowski's assessment of inability to walk one block at a reasonable pace on rough or uneven surfaces conflicted with his opinion that Plaintiff did

not need a cane for walking. *Id*. Further, the ALJ noted that Dr. Cestkowski's other findings comport with the ability to do sedentary work. *Id*. Dr. Cestkowski's opinion that Plaintiff could sit for eight hours in an eight-hour workday is likewise consistent with sedentary work.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 19) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 23) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 14, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**